## HORTON *v.* CHILDS *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

BREACH OF CONTRACT—NOMINAL DAMAGES.

In an action to foreclose a mortgage the owner of the property set up as a counter-claim that he had entered into a contract for the sale thereof to B. for a sum greater than the price paid by him to plaintiff therefor, and that B. had refused to perform the contract because of incumbrances on the property, which plaintiff had agreed with defendant to remove; but the circumstances connected with the contract led to the belief that it was not entered into in good faith, but only for the purpose of proof of damages in favor of defendant; and, although defendant testified that the property had deteriorated in value, affidavits by him were produced, in which he had sworn that the property was worth the full amount which B. had agreed to give. *Held*, that on this proof defendant was not entitled to damages for the breach of plaintiff's agreement, except to a nominal amount.

Appeal from special term, New York county.

Action by James M. Horton against William H. Childs, Moritz Bauer, and others to foreclose a mortgage. Defendant Bauer set up a counter-claim for damages from the alleged breach by plaintiff of an agreement with him to remove certain incumbrances from the property. On trial by the court without a jury judgment was rendered for plaintiff. Defendant Bauer appeals from the judgment. See former reports, 7 N. Y. Supp. 570, and 11 N. Y. Supp. 797.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*S. C. Baldwin*, for appellant. *John M. Scribner*, for respondent.

VAN BRUNT, P. J. In the disposition of this appeal it is not necessary to consider the subjects which were treated of when the case was before this court upon the former appeal. 7 N. Y. Supp. 570. See also, 11 N. Y. Supp. 797. The record presented is so entirely different in its nature in one material point that only one question need be considered or discussed. Upon the previous appeal it had been found by the learned judge who tried the cause that the defendant Bauer had entered into a contract of sale with one Borger for the premises in question for a sum of money considerably in advance of the purchase price given by Bauer to the plaintiff, Horton, and that Borger had rejected the title because of the existence of incumbrances upon the property, which Horton had agreed to remove. Under these circumstances, the court held that if there was a violation of Horton's agreement, as there appeared to be, Bauer was entitled to recover damages. As the case is now presented to the court, however, there is no finding that Bauer entered into this contract with Borger. Upon the contrary, there is a refusal so to find, which refusal is undoubtedly based upon the conclusion of the learned judge who tried the case the second time that this contract was not entered into in good faith, but was only gotten up for the purpose of proof of damages in

favor of Bauer; and we think, upon the examination of the evidence, that this conclusion is amply supported by the proof. The circumstances of the entering into the contract, the limitation upon the counsel for the purchaser in reference to the objections which he was to take to the completion of the title, and the whole atmosphere and surroundings of the case, seem to lead to the belief that this was not a *bona fide* contract which in any way tended to establish the value of the property, or form any foundation for damages, because of the alleged breach by plaintiff of his agreement. Under these circumstances, there being no proof of damage, there was nothing upon which the court below could found a judgment that damage had been sustained except in a nominal amount. It may be said that the defendant Bauer swore to the value of this property, and that he was a competent witness upon that point, and that his evidence shows that the property had deteriorated in value; but it seems to us that the evidence given by this witness was completely shattered by the production of affidavits wherein he had sworn, when it was for his interest so to do, that the property was worth the full amount which Borger had agreed to give, but when it is his interest to make the property of as little value as possible, then his oath seems to be to that effect. We cannot find, therefore, from the record that the defendant Bauer sustained any damage, even if the plaintiff has technically violated his agreement in regard to the encroachment of the tracks of the Eighth-Avenue Railroad on the property in question. The judgment should be affirmed, with costs. All concur.